**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0867-22

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

GREGORY PHELPS,

    Defendant-Respondent.

_____

> Submitted June 20, 2023 – Remanded July 6, 2023
> Resubmitted December 13, 2023 – Decided January 2, 2024
>
> Before Judges Accurso, Vernoia, and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 22-05-0734.
>
> William Edward Reynolds, Atlantic County Prosecutor, attorney for appellant (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).
>
> Joseph E. Krakora, Public Defender, attorney for respondent (Scott Michael Welfel, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from an order directing defendant Gregory A. Phelps' admission into the Pre-Trial Intervention Program (PTI). See R. 3:28-6(c). After the State filed its merits brief in support of the appeal, defendant's then-counsel advised this court that defendant did not wish to contest the State's appeal. We subsequently issued an opinion reversing the court's order directing defendant's admission into PTI. Represented by new counsel, defendant moved for reconsideration, arguing his prior counsel erred by failing to file a brief in opposition to the State's appeal and representing that defendant did not wish to oppose it.

Based on the unique circumstances presented by defendant's motion, and for other reasons we detailed in an order, we granted the reconsideration request, withdrew our prior opinion, and permitted defendant's new counsel to file a brief in opposition to the State's arguments on appeal. Having considered the brief submitted on defendant's behalf, as well as the State's arguments, the record before the trial court, and the applicable legal principles anew, we reverse and vacate the court's order directing defendant's admission into PTI.

The facts giving rise to the charges against defendant are not in dispute. During a June 12, 2021 drunken early morning argument with his sister's boyfriend, defendant sawed into the victim's forearm with a piece of glass,

A-0867-22

resulting in necessary medical attention and stitches to close a deep laceration. A judge issued a domestic violence temporary restraining order (TRO) against defendant.[1]  A grand jury later indicted defendant for third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

Defendant applied for admission to PTI.  Because defendant was charged with a crime involving domestic violence as defined under section three, N.J.S.A. 2C:25-19, of the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, and the crime charged involved violence or the threat of violence, there is a statutory presumption against his admission into PTI. N.J.S.A. 2C:43-12(b)(2)(b); R. 3:28-1(e)(2)(b)(ii).  Defendant was therefore required to "rebut the presumption" by including in his "application for admission a statement of the extraordinary and compelling circumstances that justify consideration of the application notwithstanding the presumption against admission." R. 3:28-1(e)(3); see also N.J.S.A. 2C:43-12(b)(2)(b).

---

[1]  During later colloquy between the attorneys and the judge, it became clear the TRO was later dismissed by the victim.  There is no order dismissing the TRO in the record.

3

Defendant's then-counsel submitted a letter as a "statement of compelling reasons" supporting the PTI application. The letter suggested it was not clear that the relationship between defendant and the victim supported a finding the charged aggravated assault qualified as an act of domestic violence under the PDVA such that defendant was subject to the presumption against PTI admission under N.J.S.A. 2C:43-12(b)(2)(b). But the letter also stated the victim resided with defendant's sister in the same home—defendant's mother's home—where defendant also resided. The fact that defendant and the victim had resided, or were residing, in the same home thereby rendered the alleged assault a crime against a "victim of domestic violence" under the PDVA, see N.J.S.A. 2C:25-19(d) (providing in part that a victim of domestic violence includes a person who is eighteen or older who is subject to an act of domestic violence by "any other person who is a present household member or was at any time a household member" with the victim). Defendant's statement of compelling reasons therefore established the aggravated assault charge was one to which the presumption against admission into PTI applied under N.J.S.A. 2C:43-12(b)(2)(b). Defendant does not argue to the contrary on appeal.

Defendant's statement of compelling reasons—submitted to overcome the presumption against his admission to PTI—further stated the criminal charges

arose out of a "consensual fight" during which the victim placed defendant in a "choke hold." Defendant asserted that while in the choke hold, he "picked up a broken bottle and cut [the victim's] arm to avoid losing consciousness." Defendant also claimed the incident followed "the excessive use of alcohol by the parties, including [defendant]," and that shortly after the event, defendant participated in counseling for several months.

The letter did not state defendant was continuing counseling or detail the nature of the counseling in which he had participated following the incident that resulted in the charges. The letter also did not claim defendant suffered from any prior substance abuse issues involving drugs or alcohol or that such issues contributed to defendant's assault of the victim.

Defendant claimed he had been a resident in Atlantic County for several years and his only prior contact with the criminal justice system included a 2017 municipal court conviction and a 2015 conviction for driving while intoxicated (DUI). Defendant noted he had no prior domestic violence history and he had been previously employed for several years in the construction field and more recently had worked in property management for "over a year." The letter offered no other putative reasons supporting defendant's effort to overcome the statutory presumption he should not be admitted to PTI.

5

In a comprehensive letter explaining the basis for the State's denial of the application, the assistant prosecutor discussed all seventeen factors listed in N.J.S.A. 2C:43-12(e), explaining those that weighed in favor of defendant's admission, those that weighed against, and those that "do not necessarily weigh in favor of or against" admission. She also said the State considered defendant's "compelling circumstances letter" that accompanied his application. In summary, although these were defendant's first indictable offenses, the prosecutor explained: "There is nothing specifically exceptional or demanding which would require the entry into the PTI program in this instance, especially since [d]efendant is a violent offender who poses a danger not just to this victim, but potentially to the community at large."

Defendant appealed the State's rejection. Attached as an exhibit to defense counsel's brief was a September 12, 2022 report from a mental health and addiction counseling service that listed the dates of eighteen sessions defendant attended beginning shortly after the incident leading to his indictment and stated he "continue[d] to make positive progress to his treatment goals." The report indicated, however, that defendant attended no sessions between November 2021, and July 2022, i.e., shortly after his indictment and application for PTI.

6

The judge heard argument on defendant's motion. Defendant contended the prosecutor relied exclusively on the nature of the offense and the victim's impact statement and further asserted the State did not have all the information regarding defendant's attendance at counseling sessions. The prosecutor countered by emphasizing the violent nature of the offense, the injury suffered by the victim, and defendant's prior disorderly persons conviction for simple assault and "out-of-state criminal history . . . from the State of New York for a drug offense, as well as DUI."

The judge engaged in an extensive discussion with defendant regarding his counseling and prior addiction to opiates. In response to questioning by the court, defendant explained the counseling he attended focused on "substance abuse, anger management, [and] trauma therapy." Defendant also stated he had a prior substance abuse history primarily with opiates, but he had been "clean of opiates" for the prior five years, he had not used alcohol for years, and that his use of alcohol on the date of the incident "was an isolated incident" that was not "something [he] . . . regularly would do."

The court also focused on the State's comments regarding factors five and six. See N.J.S.A. 2C:43-12(e)(5) ("The existence of personal problems and character traits which may be related to the applicant's crime and for which

7

services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment"); and (6) ("The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment"). The State had found those factors were in equipoise because it was "unaware of any specific personal problems . . . character traits[,]" or "circumstances" indicating defendant's behavior would "change through . . . participation in supervisory treatment."

Noting defendant had never before admitted his past opiate addiction, the judge reasoned there was "a tendency, when one is facing criminal charges, to want to not be entirely forthcoming." She added, "I don't find that the . . . State has abused its discretion here, but I . . . think maybe some more information . . . may be helpful." She noted the dismissal of the TRO as an "example." The prosecutor responded that "if it wasn't in the initial application and it wasn't in the information submitted to the State, I don't know how the State can be held responsible for taking it into consideration. I don't think it should have been taken into consideration because it wasn't provided."

In rendering her final decision, the judge said:

So now that I have a little bit more information about this . . . and maybe I'm wrong to explain it this way, but I don't find that [the prosecutor's denial] was based on a patent and gross abuse of discretion. . . . [B]ut I do find that the decision didn't account for all the relevant factors. And I . . . understand that [it] is actually not the failing of the State in reviewing it. It . . . just appears that while [defendant] provided information that he was attending counseling . . . I think he didn't give the detailed information that he's given to the [c]ourt . . . that set forth all of his dates of treatment. . . .

The judge then continued by describing the events that led to defendant's indictment as a "family situation," where "maybe . . . everybody" was drinking, and defendant "completely overreacted." Noting this was not "a one-time situation for [defendant]," the judge, however, thought "it's the one time that he is being forced to look into the abyss of how a simple . . . nonsense kind of incident, even at home, can have you facing . . . a criminal conviction."

Again, reiterating the State's denial was not "abuse of discretion" but rather was the result of "some information that was not . . . entirely fleshed out . . . and therefore could not be considered by the State," the judge directed defendant's admittance into PTI "with the understanding that it is an offense that require[d] him to submit a guilty plea." See N.J.S.A. 2C:43-12(g)(3)(c)

9

(limiting PTI admission to defendants charged with third- or fourth-degree crimes involving domestic violence unless they enter a guilty plea).[2]

The judge's November 17, 2022 order admitted defendant into the PTI program for twelve months with conditions. As noted, the State appealed as of right pursuant to Rule 3:28-6(c). We reverse.

"PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). "As a result, the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference." Ibid. (citing State v. Leonardis, 73 N.J. 360, 381 (1977)). "A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" State v. Johnson, 238 N.J. 119, 128-29 (2019) (quoting Wallace, 146 N.J. at 583).

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judg[]ment. . . . In order for such an abuse of

---

[2] The record does not indicate whether defendant pleaded guilty.

A-0867-22

discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].

[Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

The same standard governs our review. State v. Negran, 178 N.J. 73, 83 (2003). At bottom, "[t]he question is not whether [the judge] agree[s] or disagree[s] with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." State v. Nwobu, 139 N.J. 236, 254 (1995).

"When a defendant convincingly demonstrates a patent and gross abuse of discretion, a court may admit the defendant into PTI over the prosecutor's objection." Johnson, 238 N.J. at 129 (citing Roseman, 221 N.J. at 624-25). But when the prosecutor has failed to consider all relevant information, a remand is more appropriate. Nwobu, 139 N.J. at 247 (citing State v. DeMarco, 107 N.J. 562, 567 (1987)).

In this case, the court repeatedly stated the prosecutor had not abused her discretion and affirmatively stated it did not find the rejection of defendant's PTI application constituted a patent and gross abuse of discretion. Yet even though the judge considered, over the prosecutor's objection, additional information—

a report from the counseling program that was not submitted until after the State's rejection of defendant's application—and directly from defendant at oral argument, the judge admitted defendant into the program. In doing so, the court did not explain why a remand was not more appropriate. Instead, the court rather simply but erroneously substituted its judgment for that of the prosecutor. This was clear error. See Nwobu, 139 N.J. at 253 (alteration in original) (quoting State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993)) ("A reviewing court 'does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor.'").

Defendant concedes on appeal the court erred by ordering his admission to the program and, in his opposition brief, he acknowledges the court's order directing his admission "into PTI over the prosecutor's objection cannot stand." He claims, however, we should vacate the court's order and remand for consideration of what he characterizes as "critical relevant information—that [he] has alcohol use disorder co-occurring with his presently-in-remission opiate use disorder, and that [he] was actively attending counseling for substance abuse disorder and anger management to address the underlying causes of the offense in this case." Defendant claims the State's failure to consider that information in its assessment of factors five and six, N.J.S.A. 2C:43-12(e)(5) and (6), and its

analysis of the other factors under N.J.S.A. 2C:43-12(e), requires a remand for the State to do so.

We reject defendant's argument because it ignores that the information upon which he now relies was not presented in his application and statement of compelling reasons submitted prior to the State's rejection decision. That is, the State properly and fairly considered all the information presented in defendant's application, as supplemented by his statement of compelling reasons, in its thorough and thoughtful analysis of the statutory factors supporting its rejection of defendant's application in the first instance. And, defendant does not dispute that the State properly analyzed the statutory factors based on the information supplied in defendant's application and supplementary statement of compelling reasons.

Moreover, contrary to defendant's newly minted argument made for the first time on appeal, the record is devoid of any information supporting his claim the crimes for which he was charged were the result of an "alcohol use disorder co-occurring" with an in-remission opiate use disorder or that the counseling he attended addressed, in any manner, the "underlying causes of the offense in this case." Rather, defendant informed the court he had not used opiates during the five years prior to his commission of the crime and, although he indicated he

13

consumed alcohol prior to his assault of the victim, he claimed he did not use alcohol regularly, and he did not attribute his assault of the victim with a weapon to alcohol use—in his statement of compelling reasons he claimed he used a piece of glass to saw into the victim's arm because he feared becoming unconscious because the victim had placed him in a choke hold.

Defendant offers too little too late in support of his claim the State failed to properly analyze and assess the statutory factors pertinent to its decision to reject the PTI application. The State correctly analyzed the factors based on the information defendant provided, and defendant's claim there was pertinent information the State failed to properly consider is undermined by the record showing the information defendant claims the State ignored was not properly provided to the State in his application or statement of compelling reasons and is submitted in the form of the arguments of his counsel for the first time on appeal.

For those reasons, we discern no basis to remand the matter for the State to review this additional information. Defendant relies on a report from a counseling service stating he attended counseling for several months immediately after the incident, but the report also shows defendant did not attend any sessions at all for several months until after he was indicted and following

14

the State's rejection of the PTI application.  And, as noted, defendant admitted in colloquy with the judge that his addiction to opiates was well in the past, and he had been "clean" for more than five years.

The prosecutor considered all the statutory factors and engaged in a thorough weighing process.  The prosecutor appropriately considered that defendant had been indicted for a violent crime.  See R. 3:28-4(b)(1) (noting that in addition to the statutory factors, the "nature of the offense should be considered . . . [and i]f the crime was . . . deliberately committed with violence . . . against another person . . . the defendant's application should generally be rejected").  The prosecutor also gave due consideration to the victim's statement, which detailed the physical and emotional trauma he and defendant's family suffered and urged both punishment and treatment for defendant.  See R. 3:28-4(c) (requiring "[t]he prosecutor and the court, in formulating their recommendations or decisions regarding an applicant's participation . . . shall give due consideration to the victim's position . . . on whether the defendant should be admitted").  The record offers no reason to remand the matter for the prosecutor to reevaluate her position.

A-0867-22

We therefore reverse and vacate the Law Division's November 17, 2022 order admitting defendant into the PTI program. The matter is remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                                                          A-0867-22